FILED
U.S. DISTRICT COURT
12 JUL 16 PM 1:25
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION
CIVIL ACTION NO. _____

4 : 12 -cv- 0 8 2 TWP -WGH

SHANNON W. ROACH                                                                                    PLAINTIFF
324 Cherry Street
New Albany, IN 47150

v.

FOAM FABRICATORS, INC.                                                                         DEFENDANT
8722 E San Alberto Dr, Ste 200,
Scottsdale, AZ 85258

    SERVE: Corporation Service Company
             251 E Ohio St Ste 500
             Indianapolis, IN 46204

## COMPLAINT

Comes the Plaintiff, Shannon W. Roach (hereinafter "Mr. Roach" or "Plaintiff"), by counsel, and for his Complaint against the Defendant, Foam Fabricators, Inc. (hereinafter "Foam Fabricators" or "Defendant") states as follows:

### JURISDICTION AND VENUE

1. The jurisdiction of this Court is properly invoked pursuant to 28 U.S.C. 1331, 1343, and 2201. This is a suit authorized pursuant to Americans with Disabilities Act ("ADA") and the Fair Labor Standards Act ("FLSA").

2. The unlawful employment practices complained of herein were committed in New Albany, Indiana, which is within the Southern District of Indiana. Thus, venue and jurisdiction are proper in this Court.

3. The Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity

1

Commission in February 2012. The Plaintiff was issued a Right to Sue Letter April 17, 2012 and received said letter thereafter.

## PARTIES

4. Mr. Roach resides in New Albany, Indiana and is a former employee of the Defendant

5. The Defendant, is a for-profit corporation, operating in various locations across the United States, including New Albany, Indiana, where the Plaintiff was employed by the Defendant.

## FACTS

6. The Plaintiff was hired by the Defendant as a Press Operator on March 31, 2008.

7. On July 14, 2011, the Plaintiff sprained his ankle and, following the Defendants procedures, requested time off pursuant to his doctor's orders. The Plaintiff requested to use his accrued vacation days for this time off.

8. Upon his return to work, the Plaintiff was disciplined for his time off due to the sprained ankle and suspended for three days.

9. The Plaintiff was scheduled to return to work from his suspension on July 27, 2011.

10. In the early morning of July 27, 2011, Mr. Roach attempted suicide. On July 27, 2011, at 5:08 am, following the Defendant's procedures, the Plaintiff called the Night Shift Foreman and the Plaintiff advised him that he was en-route to Wellstone Hospital, a well-known psychiatric hospital in the area. The Plaintiff informed the Night Shift Foreman that he would contact the Defendant as soon as he had more information regarding his condition.

11. The Plaintiff had difficulty being admitted to Wellstone due to a shortage of beds and was not admitted as a patient until shortly after midnight on July 28, 2011.

12. At 1:16 am, on July 28, 2011, Mr. Roach called the Defendant and notified the Night Shift Assistant Supervisor that he had been admitted to Wellstone.

13. On July 29, 2011, the Plaintiff's wife called David Lipps, Plant Manager, to update the company on the Plaintiff's status. During this phone call, Mr. Lipps informed the Plaintiff's wife that the Plaintiff had allegedly been terminated on July 27, 2011.

14. The Defendant terminated the Plaintiff in violation of its own medical leave policy as stated in the Defendant's Employee Handbook.

15. Prior to his termination, the Plaintiff frequently spent time working for the Defendant, prior to the start of his shift and after the end of his shift, off the clock.

16. By way of example, the Plaintiff would arrive at the Defendant's facility before his shift began to prepare and clean his work area. The Plaintiff did this so he would not be required to shut his machine down at the beginning of his shift in order to prepare and clean his work area. The Plaintiff could be subjected to disciplinary actions if his machine was shutdown.

17. The Defendant was aware of the Plaintiff's off-the-clock work.

18. The number of hours worked off the clock by the Plaintiff was not *de minims*.

19. The Plaintiff has never been compensated for any of the off-the-clock work he engaged in while employed by the Defendant.

## CAUSES OF ACTION

### COUNT ONE - Disability Discrimination

20. The Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

21. The Defendant is an employer as that term is defined by the ADA.

22. At the time of his termination, the Plaintiff was a qualified individual with a disability as defined in the ADA and /or was regarded as disabled by the Defendant.

23. The Plaintiff was, and continues to be, qualified to perform the essential job duties of his position with the Defendant with a reasonable accommodation.

24. The Plaintiff's termination by the Defendant constituted an adverse employment action.

25. The Defendant knew or had reason to know of Plaintiff's disability.

26. The adverse action committed against the Plaintiff by the Defendant has a causal connection to, and is based solely upon, his disability or the Defendant's perception of his disability.

27. The Defendant's proffered legitimate nondiscriminatory reasons for the adverse action against the Plaintiff, if any, are pretextual.

28. The Defendant's conduct violated the ADA.

## COUNT TWO – Fair Labor Standards Act Violations

29. The Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

30. By the actions alleged herein, the Defendant has willfully, knowingly, and/or recklessly violated the provisions of the Fair Labor Standards Act ("FLSA") and corresponding federal regulations with respect to the Plaintiff.

31. The Defendant has willfully and intentionally engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly compensate the Plaintiff in accordance with the FLSA.

32. As a result of the Defendant's violations of the FLSA, the Plaintiff suffered damages by failing to receive wages for all hours worked in accordance with the FLSA.

33. The Defendant has not made good faith efforts to comply with the FLSA with respect to its compensation of the Plaintiff.

34. As a result of the unlawful acts of the Defendant, the Plaintiff has been deprived of his rightful hourly compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation.

WHEREFORE, the Plaintiff demands as follows:

1. Judgment against the Defendant.

2. Judgment against the Defendant for substantial actual, compensatory, and punitive damages, including, but not limited to back pay, front pay, and damages for embarrassment and humiliation, in amounts to be precisely determined by a jury of his peers.

3. Pre-judgment and post-judgment interest at the maximum allowable rate.

4. A trial by jury.

5. A reasonable fee for his attorneys of record.

6. Liquidated Damages.

7. Her costs expended herein.

8. Leave to amend this Complaint as proof develops.

9. Any and all other relief to which the Plaintiff may be entitled.

Dated: July 13, 2012

Respectfully submitted,

P. Stewart Abney
ADAMS, HAYWARD & WELSH
4036 Preston Highway
Louisville, Kentucky 40213
Phone: (502) 366-6456
Fax: (502) 366-1105
stewartabney@gmail.com
Counsel for Plaintiff